ACTION on the case for words.
The narr. set out the slander in numerous counts, all amounting, however, to a charge that Parke broke open a letter placed in his hands by defendant to deliver to another, and stole from it ten dollars. In some of the counts there was added a charge, that this was not the first time he had been guilty of a like offence. The defendant pleaded, not guilty, and justification on the truth of the words *Page 374 
spoken; and at the trial, on motion, withdrew the plea of not guilty, and stood alone on the justification.
When the defendant had closed his testimony, the plaintiff called witnesses to support his general character. This was objected to.
Ridgely, Smithers and Bates. — We have not attacked the plaintiff's general character, and would not have been permitted to do so. Neither shall he be permitted to set up his general good character. The testimony is irrelevant. It has nothing to do with the issue in this cause, which is not on the general character of the plaintiff, but on a specific charge of taking money out of a letter. The gist of the action is malice and not character. (5 Exch. Rep.
63; 11 Price 235, Jones vs. Stevens; 1Ry. Moody 305; 21 Eng. C. L. Rep. 447; 2Stark. Evid. 214, 878; 2 Phil. Evid. 107; 10Johns. Rep. 281; 1 Term Rep. 754; 1 Camp.Rep. 460.)
The law presumes that plaintiff had a good character, and the burden is upon us to prove the charge, even as against this legal presumption. There is no necessity then, nor propriety, in hearing evidence of good character.
Frame and Clayton, contra. — The question is one of great magnitude. We submit that the authorities sustain these positions; that under the plea of justification the plaintiff may give in evidence his rank and character; and that he has maintained an honest reputation. The authorities are conflicting, but those of most weight, and best sustained by principle, are for admitting the evidence.Cornwell vs. Richardson is merely a nisi prius case, and the reporter discredits it by a reference to several cases which are contra. Chief Justice Abbott rejected the evidence without argument and without authority cited — it is a mere hasty decision, and more than counterbalanced by lord Alvanly's judgment in 5 Esp. N. P.cases 13, 14. Barnfield vs. Murry, 1Camp. 460, was a case of seduction and not in point.Roscoe's Evid. is loose and not sustained. 3 Stark.Evid. 215, c., on the contrary is well supported.
On principle our position is correct. The charges here are infamous in their nature. If true, they are totally destructive of the plaintiff's character. The meanest criminal on his trial may avail himself of his character in his own defence, and yet here in a civil action, a man may be convicted of a crime, without being permitted to give in evidence his character.
The evidence is equally necessary in reference to the damages. How can the jury assess the damage which has been done to plaintiff's *Page 375 
character by the slander, without proof of what that character was before the slander. (2 Stark. Ev. 214-15: 2 Wheat.Selw. 977; 3 Mass. Rep. 546, Larned vs.Buffington; Stark. on Slander 399, 179; 2 Han: Rep.
446, Waples vs. Burton; 3 Yeates Rep. 243; 11Johns. Rep. 38.)
By the Court:
The question submitted to us is, whether in an action, of slander on the plea of justification the plaintiff may give his own character in evidence, either to meet the defendant's proof of facts, or to aggravate the damages. It would seem that in the action of slander, on the plea of not guilty, the plaintiff cannot give evidence of his general good character, either in support of his own averments of good name, fame and condition, or to aggravate the damages; though it has often been decided, that the defendant might, under the general issue, give evidence of plaintiff's bad character in mitigation of damages; but this has been overruled by the case ofJones vs. Stevens, 11 Price 235, (5 Exc.Rep. 62,) where it was decided that in an action for slander in reference to plaintiff's professional character as an attorney, general evidence of the plaintiff's bad character and ill repute in his business of attorney, could not be given by the defendant, either to contradict the averment of good professional standing or in support of averments to the contrary in the plea of justification. In this case there is no plea of not guilty; the plea justifies on the ground that the words spoken are true, and the defendant takes upon himself the duty of proving the charge by specific evidence of the fact charged. He would not, according to the case of Jones vs. Stevens, be allowed even to strengthen his case by proof of the plaintiff's bad character; much less then should a plaintiff when his general character is not attacked, be permitted to give evidence of general good character to disprove the specific charge. The law presumes that he has a good character, and it would seem to be a work of supererogation to call evidence in support of that which is presumed to be good. The plaintiff here has brought the defendant into court to make good a specific charge of dishonesty, or to answer in damages for the slander; the defendant by his plea of justification undertakes to make his charge good, and he must do it by specific proof of the act or acts of dishonesty charged. He will not be permitted to support his charge, nor can the plaintiff rebut it, by general proof of bad or good character, which, though it may be affected by the result, is not really put in issue by the pleadings. A majority *Page 376 
of the court, therefore, rule out the evidence offered of plaintiff's good character; but we will, on the authority of 3 Mass. Rep.
546, allow proof of the rank, profession and standing of either plaintiff or defendant. (2 Stark. Ev. 470, n.)